An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1144

Filed 1 July 2026

Beaufort County, No. 21CR000681-060

STATE OF NORTH CAROLINA

v.

EUGENE JACKSON, Defendant.

Appeal by defendant from judgment entered 2 June 2025 by Judge Wayland J. Sermons, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 3 June 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Maria B. Lattimore, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for defendant-appellant.*

FLOOD, Judge.

Defendant Eugene Jackson appeals from the trial court's judgment revoking his probation and activating his suspended sentence. On appeal, Defendant argues the trial court, first, lacked subject matter jurisdiction to revoke his probation; second, abused its discretion by revoking his probation without finding Defendant

committed a revocable violation; and third, abused its discretion by revoking his probation because there was insufficient evidence to support a finding that he had absconded from probation. After careful review, we conclude the trial court lacked subject matter jurisdiction to revoke Defendant's probation after his probationary period expired; thus, we vacate the trial court's judgment revoking Defendant's probation. Accordingly, we do not reach Defendant's remaining arguments.

## I. **Factual and Procedural Background**

On 30 September 2021, Defendant pled guilty to two counts of habitual larceny. The trial court entered two judgments and sentenced Defendant to one active sentence of eighteen to thirty-one months' imprisonment and a second sentence of eighteen to thirty-one months' imprisonment that was suspended for twenty-four months of supervised probation, said probation to begin once Defendant was released from incarceration.

Defendant was released from incarceration on 14 March 2023.[1] On 27 April 2023, Defendant's probation officer, Katherine Conrad, filed a probation violation report alleging Defendant willfully violated a condition of his probation by traveling to the State of New York without obtaining prior written or verbal permission.

Two weeks later, on 11 May 2023, Officer Conrad filed a new probation

---

[1] Pursuant to North Carolina Rule of Evidence 201, we take judicial notice of this fact from the North Carolina Department of Adult Correction website's offender search results. *See* N.C.G.S. § 8C-1, Rule 201 (2023); *see also State v. Harwood*, 243 N.C. App. 425 (2015) (taking judicial notice of the date in which the defendant was released from imprisonment).

violation report alleging Defendant had absconded. The report specifically alleged the following:

> On or about 04/23/23, [ ] [D]efendant left his place of residence . . . without prior approval or knowledge of his probation officer and failed to make his whereabouts known, making himself unavailable for supervision and thereby absconding supervision. As of the date of this report, [ ] [D]efendant's whereabouts are unknown and all efforts to locate him have been unsuccessful[.]

Based on these violations, an order for Defendant's arrest was issued on 28 April 2023. Defendant, however, was not arrested until January 2025.

On 2 June 2025, approximately twenty-six months after Defendant was released from incarceration, the trial court held a hearing on Defendant's alleged probation violations. At the hearing, Defendant denied willfully violating the conditions of his probation, explaining he went to New York because "multiple people [were] trying to kill [him] . . . ." According to Defendant, after he was released from incarceration in 2023, he was transferred to Rocky Mount Halfway House. He told Officer Conrad, with whom he was checking in on a "regular basis[,]" that there was a man at the halfway house who was "trying to bully" him. On one particular day, the man went into Defendant's room and tried to attack him, but Defendant "got the best of him." The next morning, an unidentified person shot at Defendant while he was on his way to work. The halfway house reported the shooting to law enforcement and moved Defendant to "another halfway house that was six blocks away[.]"

Defendant further explained that, after he moved to the other halfway house,

"multiple people" tried to attack Defendant, so Defendant asked Officer Conrad to relocate him before anything happened. Officer Conrad said she would pick him up in a couple of days, but Defendant believed he did not "have that amount of time, because anything could happen within a time span."

Defendant subsequently traveled to New York. Upon arriving in New York, on or about 23 April 2023, Defendant called Officer Conrad and told her he was in New York, but he did not give her an address.

Jamara Nelson, Defendant's probation officer at the time of the 2 June 2025 hearing, testified that, after Defendant told Officer Conrad that he was in New York, Officer Conrad told him he had "to return [] to North Carolina or a warrant would be issued." Defendant said he would "let her know when he's back in town[,]" but Defendant did not come back from New York until he was arrested in January 2025 and transported to North Carolina.

Based on this evidence, the trial court found Defendant had willfully violated the terms of his probation, revoked his probation, and activated his suspended sentence. Defendant timely gave notice of appeal in open court.

## II. **Jurisdiction**

This Court has jurisdiction to hear Defendant's appeal from a final judgment revoking his probation pursuant to N.C.G.S. §§ 7A-27 and 15A-1347 (2023).

## III. **Analysis**

Defendant asks this Court to vacate the trial court's judgment because the trial

court lacked subject matter jurisdiction to revoke his probation. Alternatively, Defendant asks this Court to reverse the judgment, arguing the trial court abused its discretion by revoking his probation without finding Defendant committed a revocable violation and because there was insufficient evidence to support a finding that he had absconded from probation. We agree with Defendant that the trial court lacked subject matter jurisdiction, and thus, we do not reach Defendant's alternative arguments.

Defendant did not raise the issue of subject matter jurisdiction at the evidentiary hearing; however, "a defendant may properly raise the issue of subject matter jurisdiction at any time, even for the first time on appeal." *State v. Williams*, 230 N.C. App. 590, 595 (2013). The issue of "whether a trial court has the authority to revoke a defendant's probation after the defendant's term of probation has expired" is reviewed de novo. *State v. Geter*, 383 N.C. 484, 488 (2022). Under a de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower court." *State v. Hughes*, 265 N.C. App. 80, 82 (2019).

Generally, a trial court's authority to revoke a defendant's probation "after the expiration of the period of probation" is limited by statute. *See* N.C.G.S. § 15A-1344(f) (2023); *State v. Camp*, 299 N.C. 524, 527 (1980) ("When a sentence has been suspended and [the] defendant placed on probation on certain named conditions, the court may, at any time during the period of probation, require [the] defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be

true, place the suspended sentence into effect. But the State may not do so after the expiration of the period of probation except as provided in [N.C.]G.S. [§] 15A-1344(f)." (citations omitted)). Section 15A-1344(f) provides the trial court may revoke a defendant's probation "after the expiration of the period of probation" if all of the following apply:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

N.C.G.S. § 15A-1344(f)(1)–(3) (2023). "A trial court must have subject matter jurisdiction over a case in order to act in that case." *State v. Hendricks*, 277 N.C. App. 304, 306 (2021) (citation omitted). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *State v. Gorman*, 221 N.C. App. 330, 333 (2012) (citation omitted). Consequently, if any of the "three enumerated conditions precedent" listed under section 15A-1344(f) are not met, *Geter*, 383 N.C. at 489, a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term and any judgment revoking a

defendant's probation after his probationary term expired would be "void and of no effect[,]" *Gorman*, 221 N.C. App. at 333. And "[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to . . . vacate any order entered without authority." *State v. Petersilie*, 334 N.C. 169, 175 (1993) (citation omitted); *see, e.g.*, *State v. Jackson*, 291 N.C. App. 116, 119 (2023) (vacating the trial court's judgment revoking the defendant's probation because the trial court failed to make a "good cause" finding).

"The burden of perfecting the trial court's jurisdiction for a probation revocation hearing after [the] defendant's period of probation has expired lies squarely with the State." *State v. Peele*, 246 N.C. App. 159, 165 (2016) (citation omitted). Thus, "the 'good cause' contemplated by N.C.G.S. § 15A-1344(f)(3) [] must be shown by the State[.]" *Geter*, 383 N.C. at 491. And if "good cause" is shown, "the good cause found by the trial court must be 'stated' on the record, either in open court by the trial court, by a party with the trial court's endorsement, or within the trial court record." *Id.*

Here, the trial court revoked Defendant's probation approximately two months after his probationary period ended; however, as the State concedes, the trial court did not make the requisite finding of "good cause" to revoke Defendant's probation after the term of his probation had expired. Without this "good cause" finding, the trial court lacked the authority to revoke Defendant's probation after his probationary period expired. *See State v. Morgan*, 372 N.C. 609, 616 (2019) ("[B]oth

the plain language of N.C.G.S. § 15A-1344(f)(3) and our prior decisions . . . compel the conclusion that the trial court erred by activating [the] defendant's sentences without first making such a ['good cause'] finding."). As such, the "appropriate action" for this Court is to vacate the trial court's judgment revoking Defendant's probation. *See Petersilie*, 334 N.C. at 175.

Critically, however, the parties disagree as to whether this Court should, as Defendant contends, vacate without remand or, as the State contends, vacate and remand to allow the trial court to make the requisite "good cause" finding. Defendant argues the former because the State "did not 'show' any good cause," and as a result, "the [R]ecord does not contain sufficient evidence to support the conclusion that there was good cause shown and stated to revoke probation after the expiration of [Defendant]'s probation."

Our Supreme Court addressed a similar issue in *State v. Morgan*, 372 N.C. 609 (2019). In *Morgan*, the trial court erred by extending the defendant's probation after his probationary period expired because it failed to make the requisite "good cause shown and stated" finding. *Id.* at 613. In fact, as the Supreme Court noted, the record was "devoid of any indication that the trial court was even aware that [the] defendant's probationary term had already expired when it entered its judgments." *Id.* at 616. Nevertheless, the Court was "unable to say from [its] review of the record that no evidence exist[ed] that would allow the trial court on remand to make a finding of 'good cause shown and stated' under subsection (f)(3)." *Id.* at 618. Thus, the

Court remanded the case for the trial court to make a "good cause shown" finding. *Id.*

Similar to *Morgan*, it is unclear whether the State or the trial court was aware that Defendant's probationary term had expired. *See id.* at 616. Based on our review of the Record before us, however, we are unable to conclude "that no evidence exists that would allow the trial court on remand to make a finding of 'good cause shown and stated' under subsection (f)(3)." *See id.* at 618. Consequently, we vacate and remand to the trial court to make the requisite finding of whether "good cause" exists. Since the trial court's judgment is void, *see Gorman*, 221 N.C. App. at 333, we need not address Defendant's alternative arguments. *See State v. Lytle*, 287 N.C. App. 657, 660 (2023) (deeming it unnecessary to reach the defendant's remaining arguments on appeal because this Court vacated the trial court's judgment revoking the defendant's probation).

Additionally, as is apparent from the trial court's oral rendition and the order as a whole, the trial court made a clerical error by failing to make a written finding of which conditions Defendant had violated. "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Lark*, 198 N.C. App. 82, 95 (2009) (citation and internal quotation marks omitted). When a clerical error, such as the one in this case, *see id.*, "is discovered in the trial court's . . . order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Newsome*, 264 N.C. App. 659,

665 (2019). Thus, in addition to remanding this matter for additional findings, we remand for the correction of this clerical error.

### IV. Conclusion

In sum, we vacate the trial court's judgment revoking Defendant's probation and activating his suspended sentence because the trial court lacked subject matter jurisdiction to revoke Defendant's probation after the expiration of his probationary period by failing to make statutorily required factual findings regarding "good cause [.]" We therefore remand this matter to the trial court for findings consistent with this opinion and to correct the clerical error described above.

VACATED AND REMANDED.

Judges TYSON and WOOD concur.

Report per Rule 30(e).